The plaintiff brought suit for $750 alleged to be due by the defendant under a written contract executed by the plaintiff and the Director General of Railroads during the period of Federal control. The defendant denied liability and contended that it was not a party to the contract and that the plaintiff did not comply with the provisions of section ten, which is herein set out. At the close of the evidence the action was dismissed as in case of nonsuit and the plaintiff excepted and appealed.
On 19 November, 1919, the plaintiff, a corporation engaged in the manufacture and sale of bricks, and the Director General of Railroads, operating the Atlantic Coast Line Railroad, entered into a written agreement for the construction, maintenance, use, and operation of a sidetrack at Aulander for the convenient conduct of the plaintiff's business. Section 10 of the agreement is as follows:
"It is hereby mutually agreed that if and when, during Federal control of the railroad of the Atlantic Coast Line Railroad Company, there shall have been delivered to the shipper on or forwarded by the shipper from the sidetrack such a number of cars of carload freight yielding road haul revenue to the railroad as, at the rate of $2.00 per car, will produce a sum equal to the cost of the part of the sidetrack on the right of way or premises of the railroad between the switch point and the clearance point, said cost now being estimated at $750, then the railroad will refund to the shipper the cost of such part of the sidetrack, and thereafter such part of the sidetrack between the switch point and the clearance point shall be maintained by the railroad."
It was provided in the Transportation Act of 1920 that actions at law and suits in equity based on causes of action arising out of the possession, use, or operation of the railroad of any carrier of such character as prior to Federal control could have been brought against such carrier, might, after the termination of Federal control, be brought against an agent designated by the President for such purpose. U.S. Compiled Sts., Cum. Sup., 1925, sec. 10071 1/4 cc.
The stipulated number of cars were not shipped by the plaintiff from the sidetrack during Federal control; nor did the plaintiff bring suit against the Director General or against the agent appointed by the President. Section 9 of the agreement, on which the plaintiff seems *Page 444 
chiefly to rely, must be construed in connection with section ten; and when so construed it is obvious that the duties referred to in section 9 are those previously set out. Indeed, the "note" appended to section ten and made a part of the agreement shows that preceding provisions were made "subject to the provisions of paragraph 10 hereof." The judgment is
Affirmed.